UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael M. Milks,                                    Case No. 3:14-cv-1486

        Plaintiff

    v.                                               MEMORANDUM OPINION
                                        AND ORDER

Ohio Northern University,

        Defendant

Before me is the motion of Defendant Ohio Northern University ("ONU") to dismiss Count Four of Plaintiff Michael Milks's First Amended Complaint, for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).  (Doc. No. 14).  Plaintiff opposed.  (Doc. No. 15).  Defendant filed a reply.  (Doc. No. 16).  For the reasons stated below, Defendant's motion to dismiss is granted.

## I.    BACKGROUND

Milks began working for ONU in 1985.  From 1995 until his termination on March 28, 2013, Plaintiff was a tenured Professor of Pharmacology.  Prior to his termination, Milks was in negotiations with another university for a faculty position.  Defendant alleges Milks made a verbal resignation which ONU accepted.  Milks alleges ONU's purported acceptance of his alleged verbal resignation is a pretext for age discrimination and to avoid paying severance and retirement benefits.

Milks asserts that John Sprague, a younger faculty member at ONU, was not terminated when he sought to join the faculty of another university. The ONU Faculty Grievance Committee found in favor of Milks. The Committee concluded it was unreasonable for ONU to believe Milks had verbally resigned and recommended ONU rescind its statement publicizing Milks's resignation. ONU declined to accept the Committee's recommendation. Milks filed a Charge of Discrimination with the Equal Employment Opportunity Commission on December 11, 2013, and received a Notice of a Right to Sue on June 30, 2014.

On July 6, 2014, Plaintiff filed a five-count complaint against Defendant alleging (1) age discrimination under the Age Discrimination in Employment Act ("ADEA"); (2) breach of contract; (3) interference with ERISA benefits; (4) intentional infliction of emotional distress; and (5) negligent hiring, supervision, and retention under Ohio law. (Doc. No. 1). On September 5, 2014, Defendant filed a partial answer and a motion to dismiss Plaintiff's claims of intentional infliction of emotional distress and negligent hiring, supervision, and retention pursuant to Rule 12(b)(6). (Doc. Nos. 6 and 7).

On September 26, 2014, Plaintiff filed an Amended Complaint, withdrawing his intentional infliction of emotional distress claim. (Doc. No. 11). On October 10, 2014, Defendant filed another partial answer and a motion to dismiss the negligent hiring, supervision, and retention claim pursuant to Rule 12(b)(6). (Doc. Nos. 13 and 14). These procedural steps render ONU's first motion to dismiss moot and therefore it is denied.

## II.  STANDARD

Rule 12 provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss

under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action").  A complaint must state sufficient facts, when accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008).  I "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.  DISCUSSION

To prove a claim of negligent hiring, supervision, and retention under Ohio law, a plaintiff must establish:

(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee was the proximate cause of the plaintiff's injuries.

*Overfield v. H.B. Magruder Mem'l Hosp., Inc.*, No. 3:10-cv-2038, 2012 WL 243341, at *9 (N.D. Ohio 2012) (quoting *Watson v. City of Cleveland*, 202F. App'x 844, 857 (6th Cir. 2006)).  Ohio courts also require a plaintiff "be able to establish a tort claim against the individual employee" to maintain a negligent hiring, supervision, and retention claim against an employer.  *Id.* (quoting *Minnich v. Cooper Farms, Inc.*, 39 F. App'x 289, 296 (6th Cir. 2002)).

Ohio courts recognize a private cause of action in tort for wrongful discharge when it "contravenes 'sufficiently clear public policy.'"  *Unger v. City of Mentor*, 387 F. App'x 589, 593 (6th Cir. 2010) (quoting *Greeley v. Miami Valley Maint. Contractors, Inc.*, 551 N.E.2d 981, 986 (Ohio 1990)). The plaintiff must show:

(1) a clear public policy existed, manifested in a state or federal constitution, statute, or administrative regulation (clarity element); (2) dismissing employees under such circumstances would jeopardize the public policy (jeopardy element); (3) conduct related to the public policy motivated the dismissal (causation element); and (4) the employer lacked an overriding legitimate business justification (justification element).

*Id.*  (citing *Kulch v. Structural Fibers, Inc.*,  677 N.E.2d 308, 321 (1997)).

The Supreme Court of Ohio declined to recognize a common-law tort for wrongful discharge based on Ohio's age discrimination statute.  *Gontero v. PNC Bank, Nat. Ass'n*, No. 3:13-cv-2636, 2014 WL 847633, at *3 (N.D. Ohio 2014) (*citing Leininger v. Pioneer Nat'l Latex*, 875 N.E.2d 36, 42 (Ohio 2007)).  In *Leininger*, the Court held although Ohio Revised Code sections 4112.02(A) and 4112.14(A) manifest clear public policy, Chapter 4112 offers adequate remedies such that the underlying public policy will not be jeopardized if a common-law claim is not recognized.  *Id.* at 42.

Milks alleges the President, Provost/Vice President of Academic Affairs, Director of Human Resources, "and/or other supervisory staff" are "subject to individual liability for acts of age

4

discrimination under Ohio law." (Doc. No. 15 at 2). As stated above, Ohio courts do not recognize a private cause of action in tort for violations of its age discrimination statutes. *See Leininger*, 875 N.E.2d at 42.

Moreover, Milks's allegation that ONU used "a contrived verbal resignation and acceptance of same to circumvent the protections afforded by his tenured status" merely restates his breach of contract claim and also cannot support a negligent hiring, retention, and supervision claim. *See, e.g., The Salvation Army v. Blue Cross and Blue Shield of N. Ohio*, 636 N.E.2d 399, 403 (Ohio Ct. App. 1993) ("It is not a tort to breach a contract, no matter how willful or malicious the breach." (citing *Motorists Mut. Ins. Co. v. Said*, 590 N.E.2d 1228, 1231-32 (Ohio 1992))). Therefore, because Milks did not adequately allege any individual employees of ONU are liable in tort, Milks's claim of negligent hiring, supervision, and retention against Defendant fails.

### IV.  CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, (Doc. No. 14), is granted. Count Four of Milks's First Amended Complaint is dismissed without prejudice. Milks's claims asserting age discrimination, breach of contract, and interference with his ERISA rights remain pending. Defendant's first motion to dismiss, (Doc. No. 7), is denied as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge